## Caroline Young et al. v. Isham Harris.

1. ACKNOWLEDGMENTS—*Impeachment of.*—The acknowledgment of a deed can not be impeached for anything but fraud, and in such cases the evidence must be clear and convincing beyond a reasonable doubt.

2. MORTGAGE—*On a Homestead, When Not a Nullity.*—When the husband and wife join in a mortgage upon the homestead and the certificate of acknowledgment contains a release and waiver of the right of homestead the mortgage is not a nullity.

Mortgage Foreclosure.—Appeal from the Circuit Court of William-
son County; the Hon. OLIVER A. HARKER, Judge, presiding.  Heard in
this court at the August term, 1897.  Affirmed.  Opinon filed March 1,
1898.

CLEMENS & WARDER and GEORGE W. YOUNG, attorneys
for appellants.

L. D. HARTWELL and R. R. FOWLER, attorneys for
appellee.

As between the immediate parties to the deed, the
acknowledgment may be impeached for fraud, collusion or
imposition, but not otherwise; and the evidence to warrant
the cancellation or setting aside of a deed upon the ground
that the acknowledgment was secured through fraud, col-
lusion or imposition, must, as we have held, by its complete-
ness and reliable character, fully and clearly satisfy the
court that the certificate is untrue and fraudulent.  Fitz-
gerald v. Fitzgerald, 100 Ill. 389; Marston v. Brittenham,
76 Ill. 614; Lickmon, etc., v. Harding, 65 Ill. 505.

To overcome an officer's certificate of acknowledgment
to a deed, the evidence must be clear and convincing beyond
a reasonable doubt.  Russell v. Baptist Theological Union,
73 Ill. 337; McPherson v. Sanborn, 88 Ill. 150.

The certificate of an officer to the acknowledgment of a
deed is conclusive to the same extent as that of a record and
can not be impeached for anything but fraud, and such
proof must be clear and convincing.  Kerr v. Russell, 69
Ill. 666; Blackman v. Hawks, 89 Ill. 512.

It seems to be held in the following cases that the certifi-
cate of acknowledgment can only be impeached by showing
fraud or collusion between the party and the officer, and
that a simple negative of the facts will not avail.  Graham
v. Anderson, 42 Ill. 514; Kerr v. Russell, 69 Ill. 666; Strauch
v. Hathaway, 101 Ill. 11.

The denial of a wife's acknowledgment to a deed by her-
self and her husband can not prevail over the officer's cer-
tificate and his testimony.  Washburn v. Roesch, 13 Ill.
App. 268.

Fraud is never presumed.   It must be affirmatively shown like any other fact.   Wright v. Grover, 27 Ill. 426; Boies v. Henney, 32 Ill. 130; People v. Lott, 36 Ill. 447; Carter v. Gunnels, 67 Ill. 270; Schroeder v. Walsh, 120 Ill. 403.

It is laid down as a rule in one of the latest cases reported that the acknowledgment of a deed can not be impeached for anything but fraud, and in such cases the evidence must be clear and convincing, beyond a reasonable doubt.   Brady v. Cole, 164 Ill. 122.

MR. PRESIDING JUSTICE CREIGHTON DELIVERED THE OPINION OF THE COURT.

This was a proceeding in chancery, in the Williamson Circuit Court, by appellee against appellants, as widow and heirs of William W. Young, deceased, to foreclose a mortgage purporting to have been executed and delivered by William W. Young, in his lifetime, and his wife, Caroline Young, to appellee, to secure one promissory note for $650, due two years after date, bearing eight per cent interest. At the return term appellants filed their answer to appellee's bill; the widow filed a separate answer, setting up joint fraud on the part of her late husband and appellee, in procuring her signature to the mortgage in question, and filed her cross-bill making appellee and her co-defendants in the original bill defendants to her cross-bill.   The cause was tried and a decree rendered sustaining the original bill and dismissing the cross-bill.   Appellants except and bring the case to this court.

While errors are assigned in many forms, those urged are : That the evidence does not sustain the decree; that appellants ought to have been allowed a credit of $236.90; and that mortgage, being upon homestead, is a nullity.

The genuineness of the acknowledgment, as evidenced by the notary's certificate attached to the mortgage, is admitted by appellants, and they admit, also, that there was no bad faith or wrongdoing on the part of the notary who took the acknowledgment.   Counsel for appellants say our theory of the case is that Mrs. Young and the officer

taking the acknowledgment were both victims of a cunningly-devised scheme of deception on the part of appellee and W. W. Young to obtain the signature of Mrs. Young to the mortgage.

The certificate of an officer to an acknowledgment to a deed is in the nature of a record, and is as conclusive as a record. In Brady v. Cole, 164 Ill. 116, it is said : "It is a rule that the acknowledgment of a deed can not be impeached for anything but fraud, and in such cases the evidence must be clear and convincing, beyond a reasonable doubt."

We have carefully examined this evidence, and are of opinion that it falls far short of measuring up to the requirement. In our opinion fraud is not conclusively proven. We are also of opinion that the evidence fails to establish appellant's claim for a credit of $236.90, and that the mortgage is not a nullity.

The certificate of acknowledgment recites the release and waiver of the right of homestead. Where the husband and wife join in the execution of a mortgage on the homestead, and the certificate of acknowledgment contains a release and waiver of the right of homestead, the mortgage is not a nullity.

We find no error in the record. The decree of the Circuit Court is affirmed.